FILED
United States Court of Appeals
Tenth Circuit

April 11, 2013

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ABASI S. BAKER,

Defendant - Appellant.

No. 12-3023

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 2:11-CR-20020-CM-1)**

---

Jonathan Sternberg, Jonathan Sternberg, Attorney, P.C., Kansas City, Missouri, for Defendant - Appellant.

James A. Brown, Assistant United States Attorney, (Barry R. Grissom, United States Attorney), Topeka, Kansas, for Plaintiff - Appellee.

---

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

Defendant Abasi Baker was convicted in the United States District Court for the District of Kansas on seven counts each of robbery affecting commerce, *see* 18 U.S.C. § 1951, use of a firearm in relation to a crime of violence, *see id.*

§ 924(c)(1)(A), and being a convicted felon in possession of a firearm. *See id.* § 922(g)(1). Defendant appeals his convictions, raising two arguments: (1) that use of a global-positioning-system (GPS) tracking device on his car violated his Fourth Amendment rights, and (2) that the evidence was insufficient to convict him on the eight firearms counts associated with the first four robberies. We do not reach the merits of Defendant's Fourth Amendment argument because he waived the argument by failing to raise it before trial. And we reject Defendant's argument that the evidence was insufficient for a rational jury to find that he possessed the identified firearm at the times charged. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm Defendant's convictions.

## I.    BACKGROUND

A series of seven armed robberies of retail stores and check-cashing businesses was carried out in the Kansas City, Kansas, area between January and March 2011. During investigation of some of the earlier robberies, surveillance-camera footage led police to believe that the robbers were using a car owned by Defendant's girlfriend. Officers placed a GPS tracking device on the car, then monitored its movements. On March 3, 2011, the GPS surveillance allowed police to link the car to a just-completed robbery in Overland Park, Kansas. Defendant was pulled over and arrested along with an accomplice. Cash from the robbery and a loaded .40 caliber Glock semi-automatic handgun, serial number EHN890, were taken from the car.

The handgun had been lawfully purchased in late 2009 by Enjoli Collier, a friend of Defendant's. Each of the counts of the indictment charging use or possession of a firearm identified the firearm as "a .40 caliber Glock pistol, Model 27, serial number EHN890." Aplt. App., Vol. 1 at 16–26. At trial Collier testified as follows: From the time she purchased the gun until Defendant's arrest, she kept the gun in the spare-tire compartment in the trunk of her car. She had used it on January 1, 2011, but had not seen it since. She would leave the car unlocked when it was parked in her garage. Defendant paid to stay with Collier for a couple weeks in February 2011. Before then, however, in January and early February, he visited her house on multiple occasions and had unrestricted access to every part of her house while visiting. She never told Defendant where she kept her handgun or gave him permission to take or use it, but she did tell a mutual friend of theirs where it was. Also, the government presented evidence that Defendant's cell phone received a call from a cell tower serving Collier's house on the day of one of the January robberies, meaning that the phone was in the general vicinity of Collier's house approximately an hour and a half before the robbery. And for each robbery a witness testified that the gun used by the robber looked like Collier's gun.

## II.  DISCUSSION

### A.  The GPS Tracking

Defendant argues that the GPS evidence of his location at the time of the crimes should have been excluded because the GPS device was installed without a warrant in violation of the Fourth Amendment. He relies on *United States v. Jones*, 132 S. Ct. 945 (2012), in which the Supreme Court held that attachment of a GPS tracking device to monitor movement of a suspect's car is a search governed by the Fourth Amendment. Although he did not move to suppress this evidence in district court, he now asks us to grant relief under the plain-error doctrine, which allows review of some issues not raised in the lower court. *See* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). We hold that Defendant has waived his right to raise the issue and therefore we deny relief.

Federal Rule of Criminal Procedure 12(b)(3) provides: "Motions That Must Be Made Before Trial. The following must be raised before trial: . . . (C) a motion to suppress evidence . . . ." Rule 12(c) permits district courts to set deadlines for pretrial motions. And Rule 12(e) provides that "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from this waiver." We have held that Rule 12 dictates that "a suppression argument raised for the first time on appeal is waived (i.e., completely barred) absent a showing of good cause for why it was not raised before the trial court." *United States v. Burke*, 633 F.3d 984, 988 (10th Cir.

-4-

2011).  We identified several reasons why it is appropriate to bar defendants from raising suppression arguments on appeal that were never presented to the district court:

> First, because the exclusionary rule was crafted more to benefit society at large by deterring overzealous police conduct than to personally benefit defendants, the exclusionary rule should be used sparingly in instances where its deterrent effect on police violations is minimal (as with appellate review for plain error).  Furthermore, in most circumstances fairness concerns militate in favor of a waiver rule because although the government can appeal an adverse ruling on a suppression motion prior to trial, it cannot do so once jeopardy has attached.  Moreover, if a defendant has not raised a suppression issue before the district court, the Government (under an assumption that its proffered evidence was admissible) may plausibly conclude during trial that it does not need to accumulate and introduce additional evidence to prevail.  Finally, allowing a defendant to challenge the inclusion of evidence on appeal places the government in the difficult position of defending itself based on a potentially meager record.

*Id.* at 989–90 (citations and internal quotation marks omitted).

In construing Rule 12(e) we have held that the "good cause" necessary to avoid waiver must be a cause why the defendant "failed to raise the argument below."  *Id.* at 988 (internal quotation marks omitted).  We cited with approval the Fourth Circuit's ruling that good cause was lacking when "'[t]he record show[ed] that sufficient information was available to defense counsel before trial that would have enabled him to frame his [argument for] suppression.'"  *Id.* (quoting *United States v. Wilson*, 115 F.3d 1185, 1191 (4th Cir. 1997)).

There is no doubt that Defendant knew about the GPS monitoring soon enough to raise a timely suppression motion. His sole argument is that he did not know that there had been a violation of the Fourth Amendment because *Jones* was not decided until he had been sentenced. We reject the argument. Defendants need not, and often do not, await a Supreme Court precedent directly in point before raising a constitutional challenge to a search or seizure. Indeed, the very argument unpressed by Defendant had been raised in other circuits before his trial and, most notably, had prevailed in the D.C. Circuit in *United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010). There was not good cause justifying Defendant's failure to raise his issue before trial.

Defendant nevertheless argues that our consideration of the merits of his Fourth Amendment claim is compelled by retroactivity doctrine. He points to the Supreme Court's statement that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). In Defendant's view the holding of *Griffith* "mandates application of the 'good cause' 'safety valve' in Rule 12(e) . . . and trumps Rule 12(e)'s ordinary waiver principles in applying *Jones* to this case." Reply Br. at 12.

Defendant reads too much into *Griffith*'s holding. To say that *Jones* should be the governing law on this direct appeal is to say no more than that it should be

treated the same as law that had been settled years earlier. And arguments based on years-ago decisions certainly can be forfeited and waived (otherwise nothing could be waived under Rule 12(e)), even though there could be no dispute that those decisions "apply" to cases on appeal. In *Griffith* no question of waiver or forfeiture arose because the defendant had preserved at trial his claim of constitutional error. *See Griffith*, 479 U.S. at 317.

Those questions did arise, however, in *Powell v. Nevada*, 511 U.S. 79 (1994). The defendant had sought on direct appeal to take advantage of a United States Supreme Court opinion postdating his arrest that required warrantless arrests to be followed by a judicial determination of probable cause within 48 hours. *See id.* at 83. Nevada's highest court had ruled that the Supreme Court's opinion did not apply to Powell's earlier arrest. *Powell* reversed and remanded, holding that the 48-hour rule did apply to the arrest because the case was on direct appeal and not yet final. But it continued:

> It does not necessarily follow, however, that Powell must be set free or gain other relief, for several questions remain open for decision on remand. In particular, the Nevada Supreme Court has not yet closely considered the appropriate remedy for a delay in determining probable cause (an issue not resolved by [the 48-hour case]), *or the consequences of Powell's failure to raise the federal question*, or the district attorney's argument that introduction at trial of what Powell said on November 7, 1989, was "harmless" in view of a similar, albeit shorter, statement Powell made on November 3, prior to his arrest. Expressing no opinion on these issues, we hold only that the Nevada Supreme Court erred in failing to recognize that *Griffith v. Kentucky* calls for retroactive application of [the] 48-hour rule.

*Id.* at 84–85 (emphasis added) (citations, footnote, and internal quotation marks omitted). *Powell* thus clearly forecloses Defendant's argument that *Griffith*'s rule "trumps Rule 12(e)'s ordinary waiver principles." Reply Br. at 12.

Finally, Defendant argues that appellate courts have routinely engaged in plain-error review when Supreme Court decisions have been issued while a case was on direct review, and he cites several such cases applying the doctrine of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (sentence upper limit is set by facts found by jury). But those cases did not involve issues subject to the waiver requirement of Rule 12(e). Our decision in *Burke*, 633 F.3d at 988, ended any doubt in this circuit that plain-error review under Fed. R. Crim. P. 52(b) is not available when an issue has been waived under Rule 12(e).

Thus, we hold that Defendant's Fourth Amendment claim was waived and cannot provide a basis for disturbing his conviction.

## B. Sufficiency of the Evidence

Defendant challenges the sufficiency of the evidence for conviction on the eight counts charging possession or brandishing of a gun in connection with the robberies on January 6, 10, 12, and 16, 2011. He contends that the government failed to prove that he possessed and used the specific gun charged in those counts (namely, Collier's gun). Our review of the sufficiency of the evidence is de novo. *See United States v. Smith*, 641 F.3d 1200, 1204 (10th Cir. 2011). "We view the evidence in the light most favorable to the verdict to ascertain whether

-8-

any rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *Id.* at 1204–05.

The evidence established that Defendant had the gun when he was arrested in March 2011, and witnesses to each of the robberies described him as having a gun resembling Collier's. Defendant acknowledges that there was adequate circumstantial evidence that he possessed the gun during the robberies that occurred after he took up residence at Collier's house on February 14. But he argues that a juror could only speculate that Defendant had the gun before February 14 because there was no evidence that he could have known of the gun or its location before he moved in with Collier.

We are not persuaded. It is undisputed that Collier *never* told Defendant where the gun was. Yet he possessed it when arrested; so he must have learned of its location without Collier's help. And the date that Defendant moved into Collier's residence is not determinative, because he had free access to her home in January and early February, before he moved in. Also, Defendant overlooks Collier's testimony that she had told a friend of Defendant's where the gun was. We reject Defendant's challenge to the sufficiency of the evidence.

## III. CONCLUSION

We AFFIRM Defendant's convictions.