**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**<u>PUBLISH</u>**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**September 26, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ABASI S. BAKER,

    Defendant - Appellant.

No. 20-3062

_____

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. Nos. 2:16-CV-02460-JWL &**
**2:11-CR-20020-JWL-1)**

_____

Howard A. Pincus, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with him on the briefs), Denver, Colorado for Defendant-Appellant

Daniel N. Lerman, Attorney (Stephen R. McAllister, former United States Attorney, District of Kansas, James Brown and Jared Maag, Assistant United States Attorneys, District of Kansas; Nicholas L. McQuaid, Acting Assistant Attorney General; and Robert A. Zink, Acting Deputy Assistant Attorney General; Kenneth A. Polite, Jr., Assistant Attorney General, and Lisa H. Miller, Deputy Assistant Attorney General, with him on the briefs), United States Department of Justice, Criminal Division, Appellate Section, Washington, DC, for Appellee

_____

Before **HARTZ**, **HOLMES**, and **EID**, Circuit Judges.

_____

**HOLMES**, Circuit Judge.

_____

Defendant-Appellant Abasi S. Baker ("Mr. Baker") appeals from the district court's denial of his second or successive motion pursuant to 28 U.S.C. § 2255, challenging his convictions under 18 U.S.C. § 924(c). After we authorized this motion based on the Supreme Court's 2019 decision in *United States v. Davis*, --- U.S. ----, 139 S. Ct. 2319, 2336 (2019), and the district court denied it, we granted Mr. Baker a certificate of appealability ("COA") on the following issue:

> In light of the contention that Hobbs Act robbery can be accomplished by threatening injury to intangible property, was United States v. Melgar-Cabrera, 892 F.3d 1053, 1064-66 (10th Cir. 2018) (holding that Hobbs Act robbery qualifies as a crime of violence under the elements clause of § 924(c)(3)(A)), wrongly decided because Hobbs Act robbery would not qualify as a crime of violence either categorically under § 924(c)(3)(A) or under § 924(c)(3)(B) after United States v. Davis[]?

Order, No. 20-3062, at 1 (10th Cir., filed June 10, 2020). Rather than directly address this issue, however, Mr. Baker, in his supplemental opening brief,[1] requests that we exercise our discretion to "expand" the COA to cover the following, reframed issue:

---

[1]    We appointed the Office of the Federal Public Defender for the District of Colorado to represent Mr. Baker in his appeal, pursuant to 18 U.S.C. § 3006A(a)(2)(B). *See* Aplt.'s Combined Opening Br. and Appl. for a COA; Order, No. 20-3062 at 2 (10th Cir., filed June 10, 2020). We also established the parties' briefing schedule and specifically ordered Mr. Baker's counsel to file a supplemental opening brief within sixty days of our order, which counsel did.

2

> Is Mr. Baker entitled to § 2255 relief because (a) the offenses relating to Hobbs Act robbery that underlie his § 924(c) convictions could have been committed by a threat to property; (b) the modified categorical approach does not rule out this possibility; (c) this court has no binding precedent that prevents it from holding that Hobbs Act robbery by a threat to property (whether tangible or intangible) does not satisfy § 924(c)'s force [i.e., elements] clause;[2] and (d) he can show his convictions rest on § 924(c)'s unconstitutional residual clause?

Aplt.'s Suppl. Opening Br. at 2.  In other words, Mr. Baker effectively attempts: (1) to argue that Hobbs Act robbery, when accomplished through threats to injure *any* property—tangible or intangible—is not a crime of violence under § 924(c)(3)(A), and (2) our decision in *United States v. Melgar-Cabrera*, where we held Hobbs Act robbery *categorically* qualifies as a crime of violence under § 924(c)(3)(A), *see* 892 F.3d 1053, 1060 n.4 (10th Cir. 2018), does not bar his argument because it is inapposite.

Moreover, during the pendency of this appeal, the Supreme Court decided *United States v. Taylor*, --- U.S. ----, 142 S. Ct. 2015 (2022), holding that *attempted* Hobbs Act Robbery is not a crime of violence.  We ordered supplemental briefing in light of *Taylor*, *see* Order, No. 20-3062, at 1 (10th Cir., filed June 23, 2022), and in Mr. Baker's brief, he requests that we either summarily vacate his § 924(c)

---

[2]    As will become apparent from our discussion, courts and litigants alike refer synonymously to the language of § 924(c)(3)(A) as either the "elements or force clause."  *Melgar-Cabrera*, 892 F.3d at 1060.

conviction charged in Count 11—which is predicated on his conviction for *attempted* Hobbs Act robbery—or remand the case to the district court to allow him to amend his § 2255 motion to make a *Taylor*-like argument.  Aplt.'s Suppl. Br. Filed Post-*Taylor* at 5.

Exercising jurisdiction under 28 U.S.C. § 1291, we **affirm** the district court's dismissal of Mr. Baker's § 2255 motion, **deny** Mr. Baker's request to expand the COA and **dismiss** that portion of this matter, and **remand** the case to allow the district court to determine in the first instance whether it is lawful and otherwise appropriate to permit Mr. Baker to amend his § 2255 motion to make a *Taylor*-like argument as to Count 11.

## I

In March 2011, Mr. Baker was charged with numerous federal crimes in a multi-count indictment, including seven counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951; seven counts of using a firearm during and in relation to a crime of violence (i.e., the Hobbs Act robberies), in violation of 18 U.S.C. § 924(c); and seven counts of being a convicted felon in possession of a handgun, in violation of 18 U.S.C. § 922(g).  *See generally United States v. Baker*, 713 F.3d 558, 559 (10th Cir. 2013); *see also* Case No. 2:11-cr-20020-JWL, Doc. 16 (Indictment, filed Mar. 29, 2011).[3]  Count 11 specifically charged Mr. Baker with a violation of § 924(c) based

---

[3]    Mr. Baker has not included documents from his initial prosecution, such as the indictment and jury verdict, in the record on appeal.  We take judicial notice of these documents from the district court's docket. *See, e.g.*, *Bunn v. Perdue*, 966 F.3d 1094, 1096 n.4 (10th Cir. 2020) ("Some of the relevant . . . filings in district court . . .

on a crime-of-violence predicate of *attempted* Hobbs Act robbery. *See* Case No.

2:11-cr-20020-JWL, Doc. 16, at 6; Aplt.'s Suppl. Br. Filed Post-*Taylor* at 5.

The charges related to a series of armed robberies in the Kansas City, Kansas,

area in early 2011. *See Baker*, 713 F.3d at 560. Following a jury trial, Mr. Baker

was convicted on all counts, *see* Case No. 2:11-cr-20020-JWL, Doc. 55 (Jury

Verdict, filed Sept. 15, 2011), and he was sentenced to a total term of imprisonment

of 164 years, *see id.*, Doc. 69 (Judgment, entered Jan. 18, 2012). We affirmed

Mr. Baker's convictions. *See Baker*, 713 F.3d at 563.

Mr. Baker brought his first collateral challenge to his convictions under 28

U.S.C. § 2255 in 2014, but it was unsuccessful. *See* Case No. 2:11-cr-20020-JWL,

Doc. 207 (Dist. Ct. Mem. & Order, entered June 17, 2015) (denying Mr. Baker's

petition to vacate, set aside, or correct his sentence). In 2016, Mr. Baker moved for

authorization to file a second or successive § 2255 motion predicated on the

purported invalidity of § 924(c)(3)(B), that is, the section's "residual clause." *See*

Appl. for Leave to File a Successive Mot. under 28 U.S.C. § 2255, No. 16-3131 (10th

Cir., filed May 20, 2016). Following *United States v. Davis*, in which the Supreme

Court invalidated § 924(c)'s residual clause as unconstitutionally vague, we

authorized Mr. Baker to file a successive § 2255 motion under § 2255(h)(2), as it

would "rel[y] on 'a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavailable.'" R. at 29

---

were not included in the record on appeal, but they are accessible from the district
court docket. We may therefore take judicial notice of the filings.").

5

(10th Cir. Order, filed Jan. 8, 2020) (citing *In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019)).  In the district court, Mr. Baker challenged the validity of his § 924(c) convictions.  *Id*. at 33–42 (Suppl. Br., filed Feb. 27, 2020).  He argued that, given that *Davis* rendered the residual clause "now void," the only possible foundation for declaring his Hobbs Act robbery convictions to be crimes of violence was the elements clause, and that "Hobbs Act robbery is not 'categorically' a crime of violence under the elements clause."  *Id*. at 35, 38.

The district court denied Mr. Baker's motion.  *Id.* at 61–62 (Mem. & Order, entered Mar. 25, 2020).  The court noted that we have "squarely held that Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A) because that clause requires the use of force and the force element in Hobbs Act robbery 'can only be satisfied by violent force.'"  *Id.* (quoting *Melgar-Cabrera*, 892 F.3d at 1064–65).  The court also acknowledged that Mr. Baker "argue[d] that Hobbs Act robbery is not a crime of violence because it can be accomplished by damaging property," and that he cited *United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019), for support.  *Id.* at 62.  However, *Bowen*, the district court explained, "involved the relationship between 18 U.S.C. § 924(c)(3) and witness retaliation—not Hobbs Act robbery"; moreover, *Melgar-Cabrera* remained "binding precedent," and Mr. Baker failed to show how "the Supreme Court's invalidation of § 924(c)(3)'s [distinct] residual clause [i.e., in *Davis*] . . . change[d] Hobbs Act robbery's status as a crime of violence."  *Id.*  The court subsequently denied Mr. Baker's request for a COA.  *Id.* at 66–67 (Mem. & Order, entered Apr.

10, 2020) (declining to issue a COA because "[r]easonable jurists could not debate the court's decision to deny Mr. Baker's petition in light of the fact that Hobbs Act robbery, under Tenth Circuit precedent, is categorically a crime of violence under the elements clause of § 924(c)(3)(A)").

On appeal, Mr. Baker filed a *pro se* opening brief and application for a COA, which we granted. *See* Aplt.'s Combined Opening Br. and Appl. for a COA; Order, No. 20-3062, at 1 (10th Cir., filed June 10, 2020). "In accordance with § 2255(c)," we granted a COA "as to the following issue":

> In light of the contention that Hobbs Act robbery can be accomplished by threatening injury to intangible property, was United States v. Melgar-Cabrera[] (holding that Hobbs Act robbery qualifies as a crime of violence under the elements clause of § 924(c)(3)(A)), wrongly decided because Hobbs Act robbery would not qualify as a crime of violence either categorically under § 924(c)(3)(A) or under § 924(c)(3)(B) after United States v. Davis[]?

Order, No. 20-3062, at 1 (10th Cir., filed June 10, 2020). In other words, by granting the COA, we invited a reexamination of the validity and scope of our holding in *Melgar-Cabrera*—more specifically, its crime-of-violence holding concerning the elements clause, § 924(c)(3)(A))—against the backdrop of the Supreme Court's decision in *Davis*, which struck down the other potential basis for a § 924(c)(3) crime-of-violence determination, the residual clause, § 924(c)(3)(B).

7

Yet, as discussed above, Mr. Baker in his supplemental opening brief effectively sidesteps the narrow question as to which we granted a COA—centered on the vitality *vel non* of *Melgar-Cabrera*'s holding as applied to threats to injure intangible property—and asks that we exercise our discretion to "expand" the COA to cover his broader argument that Hobbs Act robbery can be accomplished by threatening injury to *any* property, thus it does not satisfy § 924(c)'s elements clause. Aplt.'s Suppl. Opening Br. at 2.  Particularly, Mr. Baker avers that "Melgar-Cabrera does not prevent this court from accepting Mr. Baker's position and neither does any other decision of this court."  *Id.* at 11.  For support, Mr. Baker points to *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017), and *United States v. Bowen*, 936 F.3d 1091, two cases from our Court that—together with the text from § 1951(b)(1)—ostensibly "lead[] to the unavoidable conclusion that Hobbs Act robbery by a threat to property (and an attempted robbery by such means) is not a crime of violence under § 924(c)(3)'s force clause."  *Id.* at 14.

Furthermore, in June 2022, the Supreme Court decided *United States v. Taylor*, --- U.S. ----, 142 S. Ct. 2015, 2020 (2022), holding that *attempted* Hobbs Act robbery is not a crime of violence.  We ordered the parties to submit supplemental briefing regarding *Taylor*'s implications (if any) for this case.  Order, No. 20-3062, at 1 (10th Cir., filed June 23, 2020).  Notably, in his supplemental briefing, Mr. Baker does not ask us to expand the COA to address his one § 924(c) conviction that is predicated on the crime of *attempted* Hobbs Act robbery, Count 11.  Instead, in light of *Taylor*, Mr. Baker requests that we either summarily vacate his conviction on Count 11 or

8

remand the case to the district court to allow him to amend his § 2255 motion to make a *Taylor*-like argument.  *See* Aplt.'s Suppl. Br. Filed Post-*Taylor* at 5–10.

## II

Mr. Baker's § 2255 motion challenges his § 924(c) convictions.  "A motion to vacate a sentence under 28 U.S.C. § 2255 'is generally the exclusive remedy for a federal prisoner seeking to "attack[] the legality of detention."'"  *United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017) (alteration in original) (quoting *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011)).  "On appeal from the denial of a § 2255 motion," where "the district court does not hold an evidentiary hearing, but rather denies the motion as a matter of law upon an uncontested trial record, our review is strictly de novo."  *Bowen*, 936 F.3d at 1096–97 (first quoting *United States v. Snyder*, 871 F.3d 1122, 1125 (10th Cir. 2017); and then quoting *United States v. Barrett*, 797 F.3d 1207, 1213 (10th Cir. 2015)); *accord United States v. Pullen*, 913 F.3d 1270, 1275 (10th Cir. 2019).

Mr. Baker also requests that we expand the COA.  "[C]ircuit courts, including our own, have recognized that they possess the authority to expand the COA to cover uncertified, underlying constitutional claims asserted by an appellant."  *United States v. Shipp*, 589 F.3d 1084, 1087 (10th Cir. 2009).  "Expansion of the certificate of appealability is merited upon a showing that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  *Hancock v. Trammel*, 798 F.3d 1002, 1025 (10th Cir. 2015) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

9

More specifically, because the COA inquiry "is not coextensive with a merits analysis," the "only question" at the COA stage "is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution . . . or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, --- U.S. ----, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  In fact, if a court of appeals "first decid[es] the merits of an appeal, and then justif[ies] its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction." *Id.* (quoting *Miller-El*, 537 U.S. at 336–37).

## III

### A

Section 924(c)(1)(A) mandates a minimum five-year sentence for anyone convicted of "us[ing] or carr[ying] a firearm" "during and in relation to any crime of violence."  18 U.S.C. § 924(c)(1)(A)(i); *see United States v. King*, 632 F.3d 646, 650 (10th Cir. 2011) ("Section 924(c)(1)(A) imposes a mandatory minimum five-year sentence . . . .").  The statute defines "crime of violence" in two ways: the term "means an offense that is a felony" and that either (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3).

In *United States v. Davis*, the Supreme Court held that clause (B)—the "residual clause"—is unconstitutionally vague. 139 S. Ct. at 2336. After *Davis*, then, a criminal conviction qualifies as a predicate "crime of violence" under § 924(c) *only* if it meets the terms of clause (A)—the "elements clause"—that is, only if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 2324 (quoting § 924(c)(3)).

"To prevail on appeal, [a petitioner] must establish that his conviction[s] cannot be sustained under § 924(c)'s elements clause." *United States v. Muskett*, 970 F.3d 1233, 1238 (10th Cir. 2020), *cert. denied*, 147 S. Ct. 1710 (2021). To determine whether a given crime qualifies under § 924(c)(3)'s elements clause, "we apply the categorical approach," which looks "only to the fact of conviction and the statutory definition of the prior offense, and do[es] not generally consider the particular facts disclosed by the record of conviction." *Bowen*, 936 F.3d at 1102 (first citing *United States v. Ontiveros*, 875 F.3d 533, 535 (10th Cir. 2017); and then quoting *United States v. Serafin*, 562 F.3d 1105, 1107–08 (10th Cir. 2009)); *accord Muskett*, 970 F.3d at 1239. "That is, we consider whether the elements of the offense are of the type that would justify its inclusion . . . [as a crime of violence], without inquiring into the specific conduct of [a] particular offender." *Melgar-Cabrera*, 892 F.3d at 1061 (omission and first alteration in original) (quoting *Serafin*, 562 F.3d at 1107–08).

We compare the scope of conduct covered by the predicate crime's elements with § 924(c)(3)(A)'s definition of "crime of violence"—and, crucially, "we

11

'presume that [an offender's] conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by [§ 924(c)(3)(A)].'" *Bowen*, 936 F.3d at 1102 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)); *see Muskett*, 970 F.3d at 1239 ("Under th[e] framework [of the categorical approach], we must first identify the minimum force required to commit the [offense at issue], and then 'determine if that force categorically fits the definition of physical force' [in § 924(c)(3)(A)]." (quoting *Ontiveros*, 875 F.3d at 535–36)).

In this appeal, we are concerned with whether Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)(3)(A). Hobbs Act robbery is defined as follows:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). The statute further defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or

12

> property in his custody or possession, or
> the person or property of a relative or
> member of his family or of anyone in
> his company at the time of the taking or
> obtaining.

*Id.* § 1951(b)(1).

## B

The original issue as to which we granted a COA was, in pertinent part, whether "[i]n light of the contention that Hobbs Act robbery can be accomplished by threatening injury to *intangible* property, was [*Melgar-Cabrera*] . . . wrongly decided because Hobbs Act robbery would not qualify as a crime of violence . . . categorically under § 924(c)(3)(A)." Order, No. 20-3062, at 1 (10th Cir., filed June 10, 2020) (emphasis added). And as we have explained above, Mr. Baker further requests that "we expand the COA to include" the reframed question he poses: that is, whether Hobbs Act robbery is not a crime of violence because the offenses involving Hobbs Act robbery that underlie his § 924(c) convictions could have been committed by a threat to *any* property, which purportedly does not satisfy § 924(c)'s elements clause. Aplt.'s Suppl. Opening Br. at 3. He writes that "[w]hat is true to threats to tangible property is also true as to threats to intangible property." *Id.* at 27; *see also id.* at 28 ("[A] threat to damage *either tangible or intangible property* can be made without the threat of the violent force needed to satisfy § 924(c)'s force clause" (emphasis added)).

Mr. Baker does not opt to challenge the vitality of *Melgar-Cabrera*. Instead, he suggests that *Melgar-Cabrera*'s holding is inapposite and contends that, regardless of that case, his offenses of Hobbs Act robbery are not crimes of violence; accordingly, they

13

would not support his convictions for violating 18 U.S.C. § 924(c). *Id.* at 10. Specifically, he writes that "Hobbs Act robbery (or its attempt) by a threat to *any* property—whether tangible or intangible—is not a crime of violence of § 924(c)." *Id.* at 10–11. And, as for *Melgar-Cabrera*, Mr. Baker thinks "Melgar-Cabrera did not consider the argument" he makes on appeal: that decision, he avers, "merely rejected other arguments for why Hobbs Act robbery does not satisfy the force clause." *Id.* at 10.

Having carefully considered Mr. Baker's arguments, however, we are not persuaded. We conclude that *Melgar-Cabrera* is controlling here—both as to the original issue regarding which we granted a COA, and as to the question Mr. Baker presents in his expansion request. As to the expansion request, we need not adjudicate the merits of Mr. Baker's reframed question—and indeed cannot properly do so, *see Buck*, 137 S. Ct. at 773—in order to determine that the rejection of this question is not reasonably debatable under *Melgar-Cabrera*. With that analytical limitation recognized, we conclude that *Melgar-Cabrera*'s holding is fatal to both his appeal *and* his request for an expansion of the COA.

In *Melgar-Cabrera*, we were faced with the question of whether Hobbs Act robbery is a crime of violence under § 924(c)'s elements clause, and we resolved it clearly, "employ[ing] the categorical approach," to "conclu[de] that Hobbs Act robbery *is* a crime of violence under the elements clause of § 924(c)(3)." 892 F.3d at 1060 n.4, 1061 (emphasis added). In other words, we concluded in *Melgar-Cabrera* that Hobbs Act robbery is *categorically* a crime of violence. *Id.* at 1061. That we reached this crime-of-violence determination under a categorical approach is

important for present purposes because it means that, in effect, we concluded that every act—including the least of the acts—criminalized by Hobbs Act robbery constitutes a crime a violence. *See, e.g.*, *Moncrieffe*, 569 U.S. at 191 (noting that in the categorical approach "we must presume that the conviction" was grounded on "[nothing] more than the least of th[e] acts" that the statute criminally punished (alteration in original) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010))).

In our subsequent published decisions, we have left no doubt regarding the categorical scope of our holding in *Melgar-Cabrera*. In *United States v. Jefferson (Jefferson I)*, for instance, we observed that *Melgar-Cabrera* "decided Hobbs Act robbery is categorically a 'crime of violence' under § 924(c)(3)(A)'s elements clause because the clause requires the use of violent force, i.e., force capable of causing physical pain or injury to another person, and the force element in Hobbs Act robbery can be satisfied *only* by violent force." 911 F.3d 1290, 1296 (10th Cir. 2018), *cert. granted, judgment vacated in part on other grounds*, 140 S. Ct. 861 (2020). We reiterated our characterization of *Melgar-Cabrera*'s holding after the Supreme Court remanded the same case (i.e., *Jefferson*) for reasons not bearing on *Melgar-Cabrera*. *See United States v. Jefferson (Jefferson II),* 989 F.3d 1173, 1175 (10th Cir. 2021) ("This [remand] language does not open up the entire case for reconsideration. Instead, it requires us to consider only the applicability of the First Step Act. As a result, our only job on remand is to determine whether the First Step Act affords Jefferson relief . . . ."). Specifically, *Jefferson II* referred to "our holding in . . .

15

*Melgar-Cabrera* . . . that Hobbs Act robbery is categorically a crime of violence

under . . . § 924(c)(3)(A)." *Id.* at 1175 n.1.[4]

---

[4]    Likewise, numerous unpublished panel decisions from this Court—though not binding—have characterized *Melgar-Cabrera*'s holding as categorical. *See, e.g.*, *United States v. Nguyen*, 845 F. App'x 791, 792 (10th Cir. 2021) (unpublished) (citing *Melgar-Cabrera* as holding "that the force element of a Hobbs Act robbery '[can] only be satisfied by violent force,' and, therefore, Hobbs Act robbery *is* categorically a crime of violence under the elements clause of § 924(c)(3)(A)" (quoting *United States v. Nguyen*, 744 F. App'x 550, 552 (10th Cir. 2018) (unpublished))); *United States v. Hendrickson*, 831 F. App'x 421, 422–23 (10th Cir. 2020) (unpublished) ("Defendant maintains that under *Davis*, he is innocent of the § 924(c) charge because Hobbs Act robbery is not categorically a crime of violence. We previously rejected this argument in *United States v. Melgar-Cabrera*, where we explicitly held that Hobbs Act robbery *is* categorically a crime of violence under § 924(c)(3)(A)—the elements clause. And despite numerous arguments like Defendant's, neither we nor the Supreme Court have reversed *Melgar-Cabrera*." (citations omitted)); *United States v. Toki*, 822 F. App'x 848, 853 (10th Cir. 2020) (unpublished) ("[I]n *Melgar-Cabrera*, we *categorically* held that Hobbs Act robbery is a crime of violence based on the elements of the offense. . . . We conclude that under our binding precedent in *Melgar-Cabrera*, the constitutionality of [the defendants'] § 924(c) convictions predicated on Hobbs Act robbery is not reasonably debatable." (citations omitted)), *cert. granted, judgment vacated on other grounds*, 142 S. Ct. 57 (2021) and 142 S. Ct. 58 (2021); *United States v. Robinson*, 757 F. App'x 781, 783 (10th Cir. 2019) (unpublished) ("Appellant's argument is that Hobbs Act robbery is not a qualifying crime of violence under § 924(c). However, this argument is precluded by our decision in *United States v. Melgar-Cabrera*, . . . in which we held that Hobbs Act robbery is categorically a crime of violence because it includes as an element the use or threatened use of violent force, and thus the invalidation of the separate residual clause does not change this crime's status as a crime of violence."); *United States v. Pasley*, 731 F. App'x 819, 821 (10th Cir. 2018) (unpublished) (noting our holding in *Melgar-Cabrera* "that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)"); *cf. United States v. Myers*, 786 F. App'x 161, 162–63 (10th Cir. 2019) (unpublished) ("[E]ven if *Davis* 'appeared to suggest' that Hobbs Act robbery might not be a crime of violence under § 924(c)(3)(A), and we could reconsider *Melgar-Cabrera*, we would reach the same conclusion: Hobbs Act robbery is a crime of violence under the elements clause of § 924(c) . . . .").

16

Additionally, Mr. Baker's own admissions on appeal make clear that, no matter his efforts, his appeal and request to expand the COA cannot overcome *Melgar-Cabrera*'s holding. Mr. Baker acknowledges that we should employ the categorical approach in determining whether Hobbs Act robbery is a "crime of violence" *and* that Hobbs Act robbery is not a divisible crime. *See* Aplt.'s Suppl. Opening Br. at 17 ("The determination of whether Hobbs Act robbery satisfies the [elements] clause is made without respect to the particular facts of Mr. Baker's case. Instead, this court employs the familiar categorical approach."); *id.* at 18–19 ("The modified categorical approach cannot be used as to Hobbs Act robbery. The Hobbs Act is divisible between robbery and extortion . . . . But Hobbs Act robbery is not further divisible."). In effect, then, Mr. Baker acknowledges that either Hobbs Act robbery is a crime of violence, or it is not, as judged by the minimum conduct made culpable by its terms. *See Bowen*, 936 F.3d at 1102; *Muskett*, 970 F.3d at 1239. Mr. Baker's admissions are incompatible with the notion that *Melgar-Cabrera* somehow left untouched a separate class of Hobbs Act robberies involving threats against property that we may now assess with fresh eyes to determine if that class of crimes qualifies as a crime of violence.

To be sure, Mr. Baker says that we can avoid *Melgar-Cabrera* by recognizing that the case did not specifically grapple with his arguments here. *See, e.g.*, Aplt.'s Suppl. Opening Br. at 28, 30–31. As his reasoning goes, because *Melgar-Cabrera* did not consider the possibility that Hobbs Act robbery can be accomplished through threats or "fear of injury" directed towards intangible or tangible property, we can

17

hold that Hobbs Act robberies committed by such threats are not qualifying crimes of violence under § 924(c)(3)(A). *See id.* at 38–39 (explaining that "Melgar-Cabrera did not address an argument based on a threat to intangible property" and "this court did not resolve the issue Mr. Baker raises here in Melgar-Cabrera"); Aplt.'s Reply Br. at 6, 10 (claiming that, because *Melgar-Cabrera* did not consider an argument "that involved the fear of injury to property," it does not constitute binding precedent on that particular argument). However, we are constrained to reject this line of reasoning.

"[U]nless and until the holding of a prior decision is overruled by the Supreme Court or by the en banc court, that holding is the law of this Circuit *regardless of what might have happened had other arguments been made to the panel that decided the issue first.*" *Thompson v. Weyerhaeuser Co.*, 582 F.3d 1125, 1130 (10th Cir. 2009) (alteration in original and capitalization added) (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000)); *see also United States v. Manzanares*, 956 F.3d 1220, 1225 (10th Cir. 2020) ("[W]e cannot overrule the judgment of another panel of this court. We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." (quoting *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam))), *cert. denied*, 141 S. Ct. 1396 (2021). In other words, the fact that the defendant in *Melgar-Cabrera* did not provide the same or similar argument as Mr. Baker's argument here is of no moment; we are bound to follow *Melgar-Cabrera* absent a contrary decision by the Supreme Court or en banc reconsideration of

18

*Melgar-Cabrera*.  And on that point, Mr. Baker does not contend that any Supreme Court decision, nor an en banc decision of this Court, abrogates *Melgar-Cabrera*'s holding.

Furthermore, Mr. Baker's reliance on *United States v. Bowen* and *United States v. O'Connor* to bolster his position is unavailing.  *See* Aplt.'s Suppl. Opening Br. at 10–13.  Mr. Baker claims that, under those two decisions, his specific "convictions for Hobbs Act robbery . . . are not crimes of violence under § 924(c)'s force clause." *Id.* at 10.  Those two decisions, Mr. Baker avers, establish that Hobbs Act robbery is not categorically a crime of violence under § 924(c)'s elements clause "because it can be committed by a threat to harm property that does not involve a threat to use violent force." *Id.* at 21.

However, as a panel of our court has persuasively reasoned, "[w]e already have stated that *Bowen* does not call into question *Melgar–Cabrera*'s holding that Hobbs Act robbery is categorically a crime of violence." *United States v. Hopkins*, 2022 WL 2610345, at *7 (10th Cir. July 8, 2022) (unpublished) (citing *Jefferson II*, 989 F.3d at 1175 n.1).  "'[I]n *Bowen*, we held the federal witness-retaliation statute . . . does not qualify as a crime of violence under § 924(c)(3)(A) because it includes witness retaliation through non-violent property damage,' such as 'spray painting a car.'" *Id.* (alteration in original and capitalization added) (omission in original) (quoting *Jefferson II*, 989 F.3d at 1175 n.1).  "But the same is not true of Hobbs Act robbery" since it "necessarily entails the use or threatened use of violent force against a person or property." *Jefferson II*, 989 F.3d at 1175 n.1 (emphasis omitted).

19

Thus, *Bowen* did not abrogate or restrict *Melgar-Cabrera*'s holding, and Mr. Baker's

reliance on *Bowen* is unavailing.

As to *O'Connor*, we observed that "[b]ecause Hobbs Act robbery encompasses

threats to property and generic robbery excludes threats that are limited to property,

the minimum conduct necessary to constitute Hobbs Act robbery does not

categorically fall within generic robbery." *O'Connor*, 874 F.3d at 1155.

Accordingly, we ruled that Hobbs Act robbery is not a crime of violence under

U.S.S.G. § 4B1.2(a)(1). *Id.* at 1158. In reaching that holding, we rejected the

government's argument that it would be "incongruous" to conclude that "Hobbs Act

robbery constitutes a crime of violence in relation to § 924(c)(3)(A) but not U.S.S.G.

§ 4B1.2(a)(1)." *Id.* We explained that the two "provisions are not mirror images" of

each other:

> The force clause under § 4B1.2(a)(1)—
> the clause applicable here—provides an
> offense is a crime of violence if it "has
> as an element the use, attempted use, or
> threatened use of physical force against
> the *person* of another." By contrast, the
> force clause in § 924(c)(3)(A) includes
> any crime that "has as an element the
> use, attempted use, or threatened use of
> physical force against the person *or
> property* of another."

*Id.* (first quoting U.S.S.G. § 4B1.2(a)(1); and then quoting 18 U.S.C. § 924(c)(3)(A)).

Thus, *O'Connor* found "[t]here is nothing incongruous about holding that Hobbs Act

robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A), which

includes force against a person *or* property, but not for purposes of U.S.S.G.

20

§ 4B1.2(a)(1), which is limited to force against a person." *Id.* Under a similar logic, it does not ineluctably follow that because Hobbs Act robbery is not a crime of violence as defined in U.S.S.G. § 4B1.2(a)(1) that it is not a crime of violence as defined in § 924(c)(3)(A). In sum, *O'Connor*, like *Bowen*, did not disturb our holding in *Melgar-Cabrera* as to whether Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A). So, Mr. Baker's reliance on *O'Connor* is misplaced.

* * *

Accordingly, based on the foregoing analysis, we conclude that Mr. Baker's arguments are unavailing. We uphold the district court's dismissal of Mr. Baker's § 2255 motion as to the issue upon which we granted COA—which questioned the vitality of *Melgar-Cabrera*'s holding as applied to threats to injure intangible property.[5] Furthermore, applying the Supreme Court's well-defined COA

---

[5] Notably, the Fourth Circuit rejected an argument that "because Hobbs Act robbery may be accomplished by threatening another with injury to *intangible* property, such as shares of stock in a corporation, Hobbs Act robbery does not qualify as a crime of violence under the [elements] clause." *United States v. Mathis*, 932 F.3d 242, 265 (4th Cir. 2019). The Fourth Circuit explained that "fear of injury" "necessarily 'involves the threat to use [physical] force.'" *Id.* at 266 (alteration in original) (quoting *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016)); *cf. United States v. Anglin*, 846 F.3d 954, 965 (7th Cir.) (noting that a defendant's argument "that a [Hobbs Act] robber[y] hypothetically could [be committed by] put[ting] his victim in 'fear of injury' without using or threatening force" was "contrary to [the circuit's] precedents"), *cert. granted, judgment vacated on other grounds*, 138 S. Ct. 126 (2017). A panel of the Third Circuit similarly rejected defendants' "hypotheticals" of committing Hobbs Act robbery "through fear of injury to intangible property," noting that the hypotheticals "misconstrue the Hobbs Act robbery definition, and they misconstrue the definition of 'physical force' under Section 924(c)(3)(A)." *United States v. Monroe*, 837 F. App'x 898, 899–900 (3d

framework, we deny Mr. Baker's request to expand the COA: he fails to persuade us that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Trammel*, 798 F.3d at 1025 (quoting *McDaniel*, 529 U.S. at 484).

### C

In June 2022, the Supreme Court decided *United States v. Taylor*. *Taylor* held that *attempted* Hobbs Act robbery was categorically not a crime of violence under § 924(c)(3)(A). *See* 142 S. Ct. at 2024. However, *Taylor* left no room for reasonable debate that the crime-of-violence status of the *completed* offense of Hobbs Act robbery was not of analytical concern there; indeed, the Court expressly acknowledged that the issue was not before it. *See id.* at 2020 ("Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause."). Therefore, *Taylor* does not implicate our holding in *Melgar-Cabrera*, which expressly addressed completed Hobbs Act robbery.

*Taylor*'s holding is nevertheless of keen interest to Mr. Baker because his Count 11 conviction under § 924(c) is predicated on *attempted* Hobbs Act robbery. *See* Case No. 2:11-cr-20020-JWL, Doc. 16, at 6; Aplt.'s Suppl. Br. Filed Post-*Taylor* at 5. But Mr. Baker's problem is that *Taylor* has no place in this appeal.

---

Cir.) (unpublished), *cert. denied*, 142 S. Ct. 247 (2021). Moreover, in a prior unpublished decision, this Court specifically held that Hobbs Act robbery is a crime of violence, notwithstanding the defendant's argument that it is not because Hobbs Act robbery encompasses creating fear of harm to intangible property. *See United States v. Dubarry*, 741 F. App'x 568, 569–70 (10th Cir. 2018) (unpublished).

Recall that the COA before us did not contemplate a separate and independent crime-of-violence analysis for the offense of attempted Hobbs Act robbery. Rather, our COA simply asked whether a Hobbs Act robbery—without distinguishing between a completed or an attempted offense—which involved a threat to injure intangible property was categorically a crime of violence under § 924(c)(3)(A). And, importantly, prior to *Taylor*, Mr. Baker never advocated for such a separate and independent analysis for attempted Hobbs Act robbery. More specifically, prior to *Taylor*, though Mr. Baker mentioned that he had been convicted of *attempted* Hobbs Act robbery at numerous points in his briefing, he never made a separate argument for relief confined to his *attempted* Hobbs Act robbery conviction. *See, e.g.*, Aplt.'s Suppl. Opening Br. at 14, 16–17.

In other words, while Mr. Baker argued that the completed act of Hobbs Act robbery is not categorically a crime of violence, he did not suggest—as the government points out—that his conviction for attempted Hobbs Act robbery should be analyzed separately on the crime-of-violence issue. *See* Aplee.'s Resp. Br. at 22 n.8 ("[Mr. Baker] does not contend that there is any difference between attempted and completed Hobbs Act robbery for purposes of determining whether those predicates qualify as crimes of violence under Section 924(c)(3)(A). Rather, he contends that 'Hobbs Act robbery (and its attempt) by a threat to property does not satisfy § 924(c)'s force clause.'" (quoting Aplt.'s Suppl. Opening Br. at 11)); *see also* Aplee.'s Resp. Br. Filed Post-*Taylor* at 8 (explaining that Mr. Baker did not contend there is any difference between attempted and completed Hobbs Act robbery for

23

purposes of the appellate issues before us). Therefore, Mr. Baker has not preserved such an attempt-based, crime-of-violence argument for purposes of this appeal. *See Heard v. Addison*, 728 F.3d 1170, 1175 (10th Cir. 2013) ("We do not reach [petitioner's argument] in this case, however, because . . . we conclude that [petitioner] never raised such a claim, in his petition or otherwise, before the federal district court."); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

Notably, Mr. Baker does not argue now for an expansion of the COA in light of *Taylor*. Instead, through his supplemental briefing, Mr. Baker asks that we either summarily vacate his Count 11 conviction on the grounds that it is fatally infirm due to *Taylor*, or alternatively, remand the proceedings to the district court to allow him to amend his § 2255 motion to make a *Taylor*-like argument in the first instance. Aplt.'s Suppl. Br. Filed Post-*Taylor* at 5–10. Because, as we have noted, the issue of whether, standing alone, the offense of attempted Hobbs Act robbery is a crime of violence was never properly raised in this appeal—that is, we did not grant a COA regarding that issue—and, moreover, because Mr. Baker has failed to brief the issue and has not sought an expansion of the COA to include the issue, we reject Mr. Baker's request to summarily vacate his Count 11 conviction based on *Taylor*.

That said, we remand this action to the district court to determine whether it is legally permissible and otherwise appropriate to allow Mr. Baker to amend his § 2255 motion to advance a *Taylor*-like argument. *See, e.g., Kerr v. Hickenlooper*,

24

824 F.3d 1207, 1217 (10th Cir. 2016) ("Appellate courts have 'discretion to remand issues . . . to the trial court when that court has not had the opportunity to consider the issue in the first instance.'" (quoting *Salmon Spawning & Recovery All. v. U.S. Customs & Border Prot.*, 550 F.3d 1121, 1134 (Fed. Cir. 2008))); *cf. Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1227 (10th Cir. 2013) ("Where an issue has not been ruled on by the court below, we generally favor remand for the district court to examine the issue.").

More specifically, among the issues that the district court must decide on remand is whether such an amendment would be timely. *See* 28 U.S.C. § 2255(f); *United States v. Mathisen*, 822 F. App'x 752, 753–54 (10th Cir. 2020) (unpublished) (discussing the statute of limitations for § 2255 motions and amendments to such motions). And, relatedly, the court must assess whether the amendment relates back to Mr. Baker's original § 2255 motion. *See* FED. R. CIV. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ."); *United States v. Roe*, 913 F.3d 1285, 1296 (10th Cir. 2019) (noting that an amended § 2255 motion can relate back to the date of the original § 2255 motion through the workings of Federal Rule of Civil Procedure 15(c)(1)(B) in certain "constrained" circumstances); *id.* at 1298 (explaining that "the operative question for purposes of the applicability of Rule 15(c)(1)(B)'s relation-back provision is whether 'the original and amended [motions] state claims that are tied to a common core of

operative facts.'" (quoting *United States v. Trent*, 884 F.3d 985, 992–93 (10th Cir. 2018)).

To be clear, however, in ordering this remand, it is not our intention to offer any opinion—and we do not do so—on whether Mr. Baker should be permitted to amend his § 2255 motion to include a *Taylor*-like argument or on the outcome of any resulting proceeding, if such an amendment is permitted.  In the first instance, we leave those matters for the district court's resolution.

### IV

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Mr. Baker's § 2255 motion, **DENY** Mr. Baker's request to expand the COA and **DISMISS** that portion of this matter, and **REMAND** the case for further proceedings consistent with this opinion.