**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 8, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ADAM JASON GARCIA,

    Defendant - Appellant.

No. 21-2009
(D.C. Nos. 1:16-CV-00355-JCH-KBM &
1:09-CR-01766-JCH-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **MORITZ**, **BRISCOE**, and **ROSSMAN**, Circuit Judges.
_____

Defendant Adam Garcia appeals the district court's dismissal of his motion to

vacate his convictions pursuant to 28 U.S.C. § 2255. In response, the government

has filed a motion for summary disposition pursuant to Tenth Circuit Rule

27.3(A)(1)(b). Having reviewed the parties' appellate pleadings and the record on

appeal, we grant the government's motion for summary disposition and affirm the

decision of the district court.

_____

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

In early 2009, Garcia robbed a Smoothie King in Albuquerque, New Mexico, by threatening two employees with a gun. Garcia was indicted by a federal grand jury in connection with that crime and, in 2010, Garcia pleaded guilty to one count of using and carrying a firearm during and in relation to a crime of violence (i.e., robbery under the Hobbs Act, 18 U.S.C. § 1951(a)), in violation of 18 U.S.C. § 924(c)(1)(A), and one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court concluded that Garcia was subject to an enhanced sentencing range under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and it sentenced him to a total term of imprisonment of 264 months, plus a three-year term of supervised release.

In 2012, Garcia filed an unsuccessful motion to vacate his convictions pursuant to § 2255. In 2016, Garcia sought and was granted authorization by this court to file a second § 2255 motion challenging the ACCA sentencing enhancement. In 2019, he sought and received supplemental authorization from this court to challenge his § 924(c) conviction based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding that the residual clause of § 924(c)(3)(B) is unconstitutionally vague). Garcia then filed an amended § 2255 motion asserting, in pertinent part, that Hobbs Act robbery is not a predicate crime of violence under § 924(c). The district court denied Garcia's amended motion, but granted Garcia a certificate of appealability.

2

II

Garcia filed his opening appellate brief on June 25, 2021.  Garcia argues in that brief that "Hobbs Act robbery does not qualify as a crime of violence under [§] 924(c)(3), and therefore, [his] conviction under Section 924(c) should be vacated."  Aplt. Br. at 3.  In support, Garcia argues that "[t]he least culpable conduct to sustain a conviction under Hobbs Act robbery is fear of future injury to an intangible property interest."  *Id*. at 5.  He in turn argues that "[t]he elements of traditional, generic robbery and traditional, generic extortion overlap in the statutory definition of Hobbs Act robbery," and that "this overlap means that Hobbs Act robbery criminalizes both violent and non-violent conduct, and so cannot qualify as a predicate crime of violence under 18 U.S.C. 924(c)."  *Id*.

On July 23, 2021, the government filed an unopposed motion to abate Garcia's case pending the outcome of *United States v. Baker*, No. 20-3062 (10th Cir. filed Apr. 8, 2020), which involved a similar issue.  We granted the motion and abated the case that same day.

On August 16, 2022, we issued a decision in *Baker*.  *See United States v. Baker*, 49 F.4th 1348 (10th Cir. 2022).  We noted in *Baker* that in a prior decision, *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–66 (10th Cir. 2018), we employed the categorical approach "to 'conclu[de] that Hobbs Act robbery *is* a crime of violence under the elements clause of § 924(c)(3).'"  49 F.4th at 1356 (quoting *Melgar-Cabrera*, 892 F.3d at 1060 n.4, 1061 (emphasis added in *Baker*)).  We emphasized in *Baker* that it was important "[t]hat we reached this crime-of-violence

3

determination under a categorical approach" in *Melgar-Cabrera* "because it means that, in effect, we concluded that every act—including the least of the acts—criminalized by Hobbs Act robbery constitutes a crime of violence." *Id*. We in turn noted in *Baker* that, until such time as *Melgar-Cabrera* is overruled by the Supreme Court or by the en banc court, it represents "the law of this Circuit regardless of what might have happened had other arguments been made to the panel that decided the issue first." *Id*. at 1358 (internal quotation marks omitted; emphasis in original).

Following the issuance of our decision in *Baker*, we lifted the abatement in Garcia's case and directed the government to file a response to Garcia's opening appellate brief. The government responded by filing a motion for summary disposition, as well as a response to Garcia's opening brief. In both pleadings, the government argues that Garcia's arguments on appeal are foreclosed by *Baker* and *Melgar-Cabrera*.

In his appellate reply brief, Garcia acknowledges that *Baker* "clarified that Hobbs Act Robbery is *categorically* a crime of violence." Aplt. Reply Br. at 1 (emphasis in original). Garcia in turn argues that both *Baker* and *Melgar-Cabrera* "were wrongly decided" and should be reconsidered by this court. *Id*. That said, Garcia acknowledges that, "[a]bsent an intervening Supreme Court decision or en banc consideration, one panel may not overrule the decision of another panel." *Id*. at 2 (citing *United States v. White*, 782 F.3d 1118, 1126–27 (10th Cir. 2015)). In other words, Garcia concedes that the argument he raises on appeal is foreclosed by *Baker*

4

and *Melgar-Cabrera*, and that he is left to seek en banc review from this court and/or certiorari review from the Supreme Court.

III

Accordingly, the government's motion for summary disposition is GRANTED and the decision of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge