FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 8, 2023**

_____

**Christopher M. Wolpert
Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES FRANKLIN BROOKS,

Defendant - Appellant.

No. 20-5115
(D.C. Nos. 4:20-CV-00239-TCK-JFJ &
4:08-CR-00061-TCK-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

James Brooks appeals the district court's dismissal of a second motion under

28 U.S.C. § 2255 seeking to vacate his convictions for use of a deadly weapon during

a crime of violence in violation of 18 U.S.C. § 924(c).  We exercise jurisdiction

under 28 U.S.C. § 1291 and affirm.

In 2008, a jury convicted Mr. Brooks of two counts of Hobbs Act robbery,

18 U.S.C. § 1951(a); two counts of using a pistol during a crime of violence,

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

18 U.S.C. § 924(c); and one count of possessing a pistol and ammunition after a previous felony conviction, 18 U.S.C. § 922(g). This court affirmed Mr. Brooks's conviction on direct appeal. *See United States v. Brooks*, 569 F.3d 1284, 1286 (10th Cir. 2009). Mr. Brooks sought relief under § 2255, which the district court denied.

In 2019, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Court held the residual clause of § 924(c)(3) was unconstitutionally vague.[1] 139 S. Ct. at 2323–24. We authorized a second § 2255 motion for Mr. Brooks to challenge his § 924(c) convictions under *Davis*. After Mr. Brooks filed his motion, the district court dismissed it and denied a certificate of appealability (COA). In so doing, it applied our holding in *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060 n.4 (10th Cir. 2018) that "Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)." Because Mr. Brooks's conviction was a crime of violence under the elements clause of § 924(c)(3), not the residual clause, the district court concluded *Davis* did not affect its validity.

---

[1] Section 924(c)(3) comprises two parts. Part A defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3). We refer to part A as the "elements clause." *See United States v. Baker*, 49 F.4th 1348, 1351 & n.2 (10th Cir. 2022). Part B defines a "crime of violence" as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id*. We refer to part B as the "residual clause."

This court granted Mr. Brooks a COA on the following issue: "In light of the contention that Hobbs Act robbery can be accomplished by a threat to property, is Mr. Brooks's conviction for Hobbs Act robbery considered a 'crime of violence' under 18 U.S.C. § 924(c)(3)?" Order at 1 (July 6, 2021). We then abated this appeal, awaiting the decisions subsequently announced in *United States v. Taylor*, 142 S. Ct. 2015 (2022), and *United States v. Baker*, 49 F.4th 1348 (10th Cir. 2022).

In supplemental briefing, Mr. Brooks concedes that *Taylor*, which concerned use of a firearm in connection with *attempted* Hobbs Act robbery, 142 S. Ct. at 2020, does not alter the validity of his convictions for use of a firearm in connection with *completed* Hobbs Act robbery. Aplt. Suppl. Br. at 1. And in *Baker*, we confirmed the holding in *Melgar-Cabrera* that completed Hobbs Act Robbery is categorically a crime of violence under the elements clause of § 924(c)(3). *See* 49 F.4th at 1356. Mr. Brooks acknowledges that, in light of *Taylor* and *Baker*, he "does not have a legal basis for asserting that this Court should not follow the precedent[i]al law in *Melgar-Cabrera*." Aplt. Suppl. Br. at 5.

We therefore affirm the judgment of the district court.

Entered for the Court

Per Curiam

3