FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 5, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

————————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JERMAINE TYRELL PATTON,

    Defendant - Appellant.

No. 21-3095
(D.C. Nos. 5:20-CV-04031-DDC &
5:16-CR-40113-DDC-1)
(D. Kan.)

————————————————————

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
————————————————————

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
————————————————————

Jermaine Patton seeks a certificate of appealability ("COA") so he can appeal the

denial of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing no

appeal is allowed from a "final order in a proceeding under section 2255" unless the

movant first obtains a COA). Because Patton has not "made a substantial showing of the

denial of a constitutional right," *id.* § 2253(c)(2), we **deny** his request for a COA and

**dismiss** this appeal.

Patton pled guilty to (1) aiding and abetting a Hobbs Act robbery, in violation of

18 U.S.C. § 1951(a) and 18 U.S.C. § 2; and (2) aiding and abetting the use and carry of a

———————————

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2. The district court sentenced him to 168 months of imprisonment. On direct appeal, Patton argued the district court impermissibly applied two sentencing enhancements based on Patton's accomplice's shooting of a police detective approximately one hour after Patton was arrested. *See United States v. Patton*, 927 F.3d 1087, 1090 (10th Cir. 2019). After an extensive discussion of this issue, this court concluded that the district court did not err in applying the challenged sentencing enhancements. *Id.* at 1094–1103. This court therefore affirmed the district court's judgment. *Id.* at 1103.

Patton subsequently filed a timely § 2255 motion, in which he raised two claims: (1) his § 924(c) conviction and sentence are invalid because his underlying offense of Hobbs Act robbery is not categorically a crime of violence; and (2) he received ineffective assistance of appellate counsel because appellate counsel did not argue that Hobbs Act robbery is not a crime of violence and did not inform him that he could seek en banc rehearing or Supreme Court review of the panel decision in his direct appeal. The district court denied the § 2255 motion. Patton now seeks a COA to challenge that decision.

To be entitled to a COA, Patton must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

2

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).

We have squarely held that Hobbs Act robbery is a crime of violence under § 924(c). *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060–66 (10th Cir. 2018). And "the fact that the defendant in *Melgar-Cabrera* did not provide the same or similar argument as [the] argument here is of no moment; we are bound to follow *Melgar-Cabrera* absent a contrary decision by the Supreme Court or en banc reconsideration of *Melgar-Cabrera*." *United States v. Baker*, 49 F.4th 1348, 1358 (10th Cir. 2022). Accordingly, reasonable jurists would not debate the district court's rejection of Patton's argument that Hobbs Act robbery is not a crime of violence under § 924(c).

*Melgar-Cabrera* likewise forecloses Patton's argument that appellate counsel provided ineffective assistance by failing to argue that Hobbs Act robbery is not a crime of violence. *Melgar-Cabrera* was published in June 2018, several weeks before Patton's sentencing proceeding occurred. Patton cannot establish that it was objectively unreasonable for appellate counsel to decline to raise an argument that this court had recently rejected on the merits, nor can he show there is a reasonable probability he would have prevailed on appeal if counsel had raised that argument. *See Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001). Reasonable jurists therefore would not debate whether counsel provided ineffective assistance on this issue. *See id.*

As for Patton's argument that appellate counsel provided ineffective assistance by failing to inform him he could seek en banc rehearing or Supreme Court review of the panel decision, Patton cannot succeed on this argument unless he shows both

3

constitutionally deficient performance and "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  This court "may reject a claim under either prong [of the *Strickland* test] without reviewing the other."  *United States v. Babcock*, 40 F.4th 1172, 1176 (10th Cir. 2022).

Patton has not satisfied the prejudice prong of the *Strickland* test.[1]  He has not shown a reasonable probability that either the en banc Tenth Circuit or the Supreme Court would have chosen to review the fact-bound arguments raised in his direct appeal. *See* 10th Cir. R. 35.1(A) ("A request for en banc consideration is disfavored. . . .  En banc review is an extraordinary procedure intended to focus the entire court on an issue of exceptional public importance or on a panel decision that conflicts with a decision of the

---

[1] Because we resolve this issue based on the prejudice prong, we do not address whether Patton had a constitutional right to the assistance of counsel in seeking review before the en banc court or Supreme Court. *See Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (holding that "a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in th[e Supreme] Court," and, absent a constitutional right to counsel, an attorney's failings cannot give rise to a constitutional claim of ineffective assistance); *United States v. Creighton*, 786 F. App'x 743, 750 (10th Cir. 2019) (unpublished decision cited only for persuasive value) (concluding that defendant could not prevail on ineffective-assistance claim based on appellate counsel's failure to file petition for a writ of certiorari because defendant had no constitutional right to counsel in seeking certiorari); *United States v. Howell*, 573 F. App'x 795, 801–02 (10th Cir. 2014) (unpublished decision cited only for persuasive value) (discussing but not deciding whether federal defendants represented by appointed counsel have a statutory and/or constitutional right to the assistance of counsel in filing petitions for rehearing or for certiorari).  Regardless of whether Patton had the right to counsel in pursuing en banc rehearing or Supreme Court review, he cannot prevail on his ineffective-assistance claim because, as discussed below, he has not shown he was prejudiced as a result of counsel's allegedly deficient performance following the panel's denial of his direct appeal.

United States Supreme Court or of this court."); Supreme Court R. 10 ("A petition for a writ of certiorari will be granted only for compelling reasons. . . .  A petition for a writ of certiorari is rarely granted when the asserted error consists of erroneous factual findings or the misapplication of a properly stated rule of law.").  Nor has Patton shown a reasonable probability that any such review would have resulted in the en banc Tenth Circuit or Supreme Court disagreeing with the panel's comprehensive assessment of the sentencing enhancements at issue.  *See Patton*, 927 F.3d at 1094–1103.  Accordingly, reasonable jurists would not debate the district court's denial of Patton's ineffective-assistance claim.

We therefore **DENY** Patton's request for a COA and **DISMISS** this appeal.  We **GRANT** appointed habeas counsel's motion to withdraw as counsel.

Entered for the Court


Michael R. Murphy
Circuit Judge