FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 30, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KITIRA CHRISTINE HAYS, a/k/a Kitira
Hays,

    Defendant - Appellant.

No. 22-1064
(D.C. No. 1:21-CR-00024-RBJ-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

After examining the *Anders* brief filed by Defendant-Appellant Kitira Hays's

counsel and the entire appellate record, this panel has determined unanimously that

oral argument would not materially assist in the determination of this appeal. *See*

Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Hays pleaded guilty to aiding and abetting Hobbs Act robbery, in violation of

18 U.S.C. §§ 2, 1951, and using or carrying a firearm during and in relation to a

crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A). Hays waived her

---

    * This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

right to appeal except for the following issue: does her conviction for aiding and abetting Hobbs Act robbery amount to a "crime of violence" for purposes of § 924(c).[1]  After answering that question in the affirmative and, therefore, denying her motion to dismiss the § 924(c) charge, the district court sentenced Hays to a total term of imprisonment of 177 months, consisting of 57 months as to the Hobbs Act conviction and 120 months as to the § 924(c) conviction.  After filing a timely notice of appeal, Hays's counsel filed in this court a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting he could find no meritorious basis for appeal and moving to withdraw as counsel.  For those reasons set out below, this court **grants** counsel's motion to withdraw and **dismisses** this appeal.

This appeal is before the court on Hays's counsel's *Anders* brief.  Pursuant to *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).  Counsel is required to submit an appellate brief "indicating any potential appealable issues." *Id.*  Once notified of counsel's brief, the defendant may then submit additional arguments to this court. *Id.*  We "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *Id.*  Despite being notified of her entitlement to do so on at least two occasions, Hays did not file a brief in response to

---

[1] As aptly noted by Hays's appellate counsel, there exist no facts in the record supporting a non-frivolous argument that the partial waiver of appellate rights is unenforceable under the standard set out by this court in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc).

counsel's *Anders* brief. The government also declined to file a brief. Thus, our resolution of the case is based on counsel's *Anders* brief and this court's independent review of the record. That independent review demonstrates the issue set out in counsel's Anders brief is wholly frivolous.

This court has squarely held that Hobbs Act robbery is a crime of violence under § 924(c). *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-66 (10th Cir. 2018). "[T]he fact that the defendant in *Melgar-Cabrera* did not provide the same or similar argument as [the] argument here is of no moment; we are bound to follow *Melgar-Cabrera* absent a contrary decision by the Supreme Court or en banc reconsideration of *Melgar-Cabrera*." *United States v. Baker*, 49 F.4th 1348, 1358 (10th Cir. 2022). Furthermore, as recognized in counsel's *Anders* brief, the Supreme Court's post-*Melgar-Cabrera* decision in *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022), does not in any way call into question this court's holding in *Melgar-Cabrera*. *Baker*, 49 F.3d at 1360. Finally, the fact Hays pleaded guilty to aiding and abetting Hobbs Act robbery does not create a reasonable question as to whether her conviction qualifies as a "crime of violence" for purposes of § 924(c). *See United States v. Deiter*, 890 F.3d 1203, 1214-16 (10th Cir. 2018) (holding that aiding and abetting federal bank robbery is a "violent felony" under the elements clause of the Armed Career Criminals Act). As *Deiter* makes clear, "aiding and abetting is not a separate crime but simply eliminates the legal distinction between aiders and abettors and principals. Therefore, it makes sense to look to the underlying statute of conviction, rather than § 2, to decide whether the elements clause is satisfied." *Id.* at

3

1216; *see also United States v. Styles*, No. 19-3217, 2022 WL 34126, at *2-3 (3d Cir. Jan. 4, 2022) (collecting cases, including this court's decision in *Deiter* for the proposition that aiding and abetting a crime of violence is itself a crime of violence under the elements clause of § 924(c)(3)(A)).

Pursuant to the *Anders* mandate, this court has undertaken an independent review of the entire record in this case. Our review demonstrates that issue raised in counsel's *Anders* brief is undeniably frivolous. Likewise, this court's review of the entire record reveals no other potentially meritorious issues. This is particularly true given that the record reveals Hays validly waived her appellate rights as to all issues except for the issue set out in counsel's *Anders* brief. Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

Entered for the Court

Michael R. Murphy
Circuit Judge