**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MELVIN LOUIS BAILEY, III,

    Defendant - Appellant.

No. 19-5069

_____

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 4:18-CR-00152-GKF-1)**
_____

Submitted on the briefs:*

Julia L. O'Connell, Federal Public Defender, Barry L. Derryberry, Assistant Federal Public Defender, and William P. Widell, Jr., Assistant Federal Public Defender, Tulsa, Oklahoma, for Defendant-Appellant.

R. Trent Shores, United States Attorney, and Vani Singhal, Assistant United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

**BALDOCK**, Circuit Judge.
_____

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

A federal grand jury indicted Defendant on four counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951, four counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a).  At trial, the jury acquitted Defendant on one count of Hobbs Act robbery and one count of brandishing a firearm.  The jury convicted Defendant on the remaining seven counts, which stemmed from three robberies of a Walgreens in Tulsa, Oklahoma.  Of these three robberies, the parties agree Defendant personally committed two of them—those that occurred on April 28, 2015, and July 20, 2017.  Based on these robberies, Defendant was convicted of two counts of Hobbs Act robbery and two counts of brandishing a firearm during a crime of violence.  These convictions are not at issue in this appeal.

With respect to the third robbery on January 6, 2018, the parties agree Defendant did not personally commit the offense.  Rather, Defendant enlisted the help of a juvenile accomplice.  For his part, Defendant instructed the juvenile on the execution of the robbery, provided him with a firearm and a mask, and acted as the getaway driver.  The parties agree Defendant's participation made him an aider and abettor.  In relation to this robbery, Defendant was convicted of Hobbs Act conspiracy, Hobbs Act robbery, and brandishing a firearm during a crime of violence.

Now, Defendant argues the evidence presented at trial was insufficient to convict him of brandishing a firearm during the 2018 robbery, a charge enumerated in Count 9 of the indictment.  Specifically, Defendant contends we must vacate his conviction for Count 9 because the evidence shows he did not personally commit the

2

charged offense.[1]   Defendant's argument is unavailing.   For the following reasons, we exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

\* \* \*

For the first time on appeal, Defendant argues that the Government presented insufficient evidence to convict him for brandishing a firearm during the January 2018 robbery because the evidence shows someone else—Defendant's accomplice— brandished the firearm.  Because Defendant did not raise this issue before the district court, he concedes we review for plain error.[2]   Under the plain-error doctrine, Defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights.  *See Goode*, 483 F.3d at 681.  If he satisfies these criteria, we will exercise our discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of the judicial proceedings."  *Id.* (citing *Kimler*, 335 F.3d at 1141).

This case is easily resolved on the first prong of plain-error review—there was no error.  Defendant concedes the Government presented sufficient evidence to show

[1] While Defendant frames the issue as one of insufficient evidence, the substance of his argument is one of constructive amendment.  That is, Defendant contends he was charged with brandishing a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii) but convicted of being an aider and abettor of someone else who brandished a firearm. *See United States v. Brown*, 400 F.3d 1242, 1253 (10th Cir. 2005) (explaining an indictment is constructively amended if the evidence presented at trial, together with the jury instructions, raises the possibility that a defendant was convicted of an offense other than the one charged).  In either event, his argument is without merit for the reasons provided herein.

[2] To be sure, Defendant moved for acquittal in the district court, but he premised his sufficiency argument on a different ground.   When a defendant challenges the sufficiency of the evidence in the district court, "all grounds not specified in the motion are waived."  *United States v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007) (citing *United States v. Kimler*, 335 F.3d 1132, 1141 (10th Cir. 2003)).

3

he aided and abetted his accomplice's brandishing of a firearm, and he makes this concession for good reason. A defendant is liable for aiding and abetting a § 924(c) charge if he (1) actively participated in the underlying crime of violence (2) with advance knowledge that his accomplice would use or carry a gun during the crime's commission. *Rosemond v. United States*, 572 U.S. 65, 67 (2014). In line with these requirements, the district court properly instructed the jury as follows:

> Under 18 U.S.C. § 2, "[w]hoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." This law makes it a crime to intentionally help someone else commit a crime.
>
> To find the defendant guilty of aiding and abetting the crime charged in Count Nine of the Indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> *First*: someone else committed the charged crime;
>
> *Second*: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him; and
>
> *Third*: the defendant knew in advance that the other person would use or carry a firearm in relation to obstructing, delaying or affecting interstate commerce by robbery. You are instructed that if the defendant knew nothing of the firearm until it appeared at the scene of the crime and had either (1) completed his acts of assistance, or (2) had not completed his acts of assistance, but had no realistic opportunity to withdraw from the criminal enterprise at that point, this element cannot be met.
>
> The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.

4

Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Here, the evidence is sufficient to establish each of these elements. First, the evidence demonstrates Defendant's juvenile accomplice brandished a firearm during the January 2018 robbery. Second, the evidence shows Defendant intentionally participated in the crime, as he instructed the juvenile on the execution of the robbery, provided him with a firearm and mask, and acted as a getaway driver. Finally, the evidence shows Defendant knew in advance that his accomplice would use a firearm during the commission of the offense because Defendant provided him a firearm for that very reason. Therefore, the evidence was sufficient to establish Defendant aided and abetted the brandishing of a firearm charged in Count 9.

Defendant's only contention is that he never personally brandished the firearm used in the robbery. Because the indictment charges him with doing so—and does not charge him with aiding and abetting someone else—Defendant argues Government presented insufficient evidence to support the charge.[3] Our precedent is clear, however. As we explained in *Cooper*:

> It is well established that aiding and abetting is not an independent crime under 18 U.S.C. § 2; it simply abolishes the common-law distinction between principal and accessory. Consequently, a defendant

---

[3] Again, Defendant's argument is more appropriately identified as an argument that the Government constructively amended the indictment, as opposed to presented insufficient evidence. *See Brown*, 400 F.3d at 1253 (explaining an indictment is constructively amended if the evidence presented at trial, together with the jury instructions, raises the possibility that a defendant was convicted of an offense other than the one charged). That is, Defendant contends the evidence shows he aided and abetted the commission of Count 9. But since he was not indicted as an aider and abettor, Defendant argues he cannot be convicted of aiding and abetting.

> can be convicted as an aider and abettor even though he was indicted as a principal for commission of an underlying offense and not as an aider and abettor, providing that commission of the underlying offense is also proven.

*United States v. Cooper*, 375 F.3d 1041, 1049 (10th Cir. 2004) (internal quotes and citations omitted).  Thus, aiding and abetting need not be alleged in the indictment. *United States v. Alexander*, 447 F.3d 1290, 1298 (10th Cir. 2006).  And yet, a defendant can be convicted on that basis so long as the jury is properly instructed, as it was here.  *Id.*; *see also United States v. Scroger*, 98 F.3d 1256, 1262 (10th Cir. 1996) ("[W]hen more than one person is involved in a criminal act, the district court may properly submit an aiding and abetting instruction to the jury, even though it was not charged in the indictment").

Given these well-established principles of law, Defendant's § 924(c) conviction in Count 9 is supported by sufficient evidence.  As previously explained, Defendant aided and abetted the commission of Count 9 because: (1) Defendant's accomplice brandished a firearm during the January 2018 robbery; (2) Defendant actively participated in that offense; and (3) Defendant knew his accomplice would use a firearm during the commission of the offense.  That Defendant was not charged with aiding and abetting is of no moment.  Accordingly, Defendant's conviction for brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) is supported by ample evidence, and his arguments to the contrary are without merit.

* * *

6

For the reasons provided herein, Defendant's conviction is AFFIRMED.