FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 23, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MELVIN LOUIS BAILEY, III,

    Defendant - Appellant.

No. 25-5048
(D.C. Nos. 4:22-CV-00049-GKF-JFJ &
4:18-CR-00152-GKF-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Melvin Louis Bailey, III, a federal prisoner, seeks to appeal the district court's

denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  To do

so, he needs a certificate of appealability (COA).  Because we conclude Mr. Bailey does

not qualify for a COA in these circumstances, we deny him a COA and dismiss this

proceeding.

## I.　　BACKGROUND & PROCEDURAL HISTORY

In 2019, a federal jury found Mr. Bailey guilty of three counts of obstructing,

delaying, and affecting commerce by robbery under 18 U.S.C. § 1951(a) (Hobbs Act

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

robbery); three counts of carrying, using, and brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii); and one count of Hobbs Act conspiracy under 18 U.S.C. § 1951(a).  All counts were related to three separate robberies of a Walgreens store in Tulsa, Oklahoma that took place in 2015, 2017, and 2018.[1]  The jury also found that Mr. Bailey had brandished a firearm during the three robberies.  The district court sentenced Mr. Bailey to a 396-month prison term.

At trial, the jury was instructed that the robbery counts could be proven by evidence showing Mr. Bailey had completed *or* attempted a robbery with an interstate commerce connection.  *See, e.g.*, R. vol. I at 312 (instructing the jury, "[t]o find the defendant guilty of this crime you must be convinced that the government has proved beyond a reasonable doubt that . . . the defendant obtained or attempted to obtain property from another without that person's consent").  Following each Hobbs Act robbery jury instruction, the jury also received a separate attempted Hobbs Act robbery instruction.  *E.g.*, *id.* at 314 (instructing the jury, "Count One charges the defendant with attempting to obstruct, delay or affect interstate commerce," and stating Mr. Bailey could "be found guilty of attempting to commit a crime, even though he did not do all of the acts necessary in order to commit the crime").  For the § 924(c) charges, the district court instructed the jury it had to find Mr. Bailey "committed the crime of obstructing, delaying or affecting interstate commerce by robbery, as charged in" each robbery count, and that

---

[1] The jury acquitted Mr. Bailey of two counts related to a fourth robbery (also in 2017) of the same Walgreens store.

"obstructing, delaying or affecting interstate commerce by robbery is a crime of violence." *E.g.*, *id.* at 316.

Mr. Bailey did not object to these jury instructions at trial, nor did he challenge them in his unsuccessful direct appeal. *See United States v. Bailey*, 972 F.3d 1179 (10th Cir. 2020) (affirming the only challenged § 924(c) conviction). In 2022, Mr. Bailey filed a § 2255 motion raising for the first time three grounds for relief from his judgment and sentence. First, he asserted that the confession he made to law enforcement in 2018 should have been suppressed because his sobriety or awareness was never proven. Second, he challenged his sentence on the grounds that Hobbs Act robbery was not a crime of violence that could justify his § 924(c) convictions. His third ground stated only "Illegal Sentence" without further detail. R. vol. I at 410. The government moved to dismiss Mr. Bailey's motion as untimely; Mr. Bailey later filed two motions to amend his initial § 2255 motion.

The district court dismissed the first and third grounds for relief as untimely and, in the alternative, found the first procedurally barred and the third lacking merit. But because Mr. Bailey filed his § 2255 motion and motions to amend pro se, the court liberally construed his second ground for relief as challenging his § 924(c) convictions and corresponding sentences based on *United States v. Taylor*, 596 U.S. 845 (2022). In *Taylor*, the Supreme Court ruled that attempted Hobbs Act robbery is not a crime of violence for purposes of § 924(c). *See* 596 U.S. at 860. Accordingly, and because the government did not oppose Mr. Bailey's motions to amend, the district court granted

3

Mr. Bailey leave to amend his § 2255 motion and directed the Federal Public Defender to represent him on the *Taylor* issue. It reserved ruling on the second ground for relief.

With the assistance of counsel, Mr. Bailey filed an amended § 2255 motion arguing the trial court erred by instructing the jury that attempted Hobbs Act robbery was a crime of violence that could support a § 924(c) conviction. In ruling on the motion, the district court noted the government conceded that the § 2255 motion was timely with respect to the *Taylor* issue and found that Mr. Bailey had not procedurally defaulted on that issue. But it held that any error in the jury instruction was harmless because, based on the evidence at trial, a rational jury could have found beyond a reasonable doubt that Mr. Bailey had completed the three robberies at issue. Accordingly, the district court denied Mr. Bailey's initial motion as to the second ground for relief and his amended § 2255 motion (which addressed only that ground for relief). It also denied him a COA and entered a final judgment in the government's favor.

Mr. Bailey seeks to appeal the district court's rulings and final judgment. The court granted his previous attorney's motion to withdraw from representation and appointed attorney John M. Bowlin to represent Mr. Bailey on appeal. Mr. Bowlin has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting there are no nonfrivolous issues, together with a motion to withdraw. Mr. Bailey declined to file a substantive response.[2] Under *Anders*, we must conduct "a full examination of all

---

[2] Mr. Bailey's notice of non-response states instead, "I want my appeal ended immediately." Notice re: *Anders* Response, Dkt. No. 31 (Oct. 1, 2025). To the extent this amounts to a motion to dismiss his appeal, we need not address it based on our order denying Mr. Bailey a COA.

the proceedings" to decide whether the case is "wholly frivolous." *Id.* at 744. For the reasons outlined below, we agree that it is.

## II.    ANALYSIS

To obtain a COA, Mr. Bailey must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A substantial showing means "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

To obtain a COA on claims the district court denied on the merits, Mr. Bailey must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. To the extent the district court denied a claim on a procedural ground, he must show that reasonable jurists could debate both "whether the petition states a valid claim of the denial of a constitutional right" and also "whether the district court was correct in its procedural ruling." *Id.* We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural issue. *Id.* at 485. We may deny a COA on any ground supported by the record, even if not relied upon by the district court. *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).

### A. Suppression of Mr. Bailey's Confession

Mr. Bailey's first issue in his initial, pro se § 2255 motion concerned the admission of statements he made prior to his trial. Mr. Bailey objected that his out-of-

5

court confession should have been suppressed because even though he "signed a waiver that stated [he] was aware of what [he] was doing, the fact that [he] was aware or was in sober mind state was never proven." R. vol. I at 405. Mr. Bailey admittedly had not raised this argument before the trial court or in his direct appeal.

The district court denied Mr. Bailey's § 2255 motion on this issue because it was untimely. It rejected Mr. Bailey's argument that the one-year limitation period should have been tolled due to COVID-19 lockdown-related restrictions. Alternatively, the district court found the claim was procedurally barred because he did not raise the issue on direct appeal. It then reasoned that Mr. Bailey had not shown cause excusing his procedural default and actual prejudice resulting from the purported error, nor had he shown a fundamental miscarriage of justice would occur if his claim was not addressed. R. vol. I at 495 (citing *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993), and *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003)).

The district court applied the correct law and thoroughly explained why Mr. Bailey's claim was procedurally barred. Under these circumstances, no reasonable jurist could debate that the district court was correct in its procedural-default ruling. *See Slack*, 529 U.S. at 484.[3]

---

[3] Mr. Bailey's counsel stated in his *Anders* brief that the district court "arguably erred" in holding Mr. Bailey "had not established the basis for equitable tolling due to COVID lockdowns" because he had, in fact, provided details regarding the lockdowns and his inability to access the library. *Anders* Br. at 9. But even assuming the initial § 2255 motion was timely filed, the district court's procedural-default ruling is dispositive.

### B. Hobbs Act Robbery

Mr. Bailey argued in his amended, counseled § 2255 motion that the trial court's jury instructions erroneously permitted the jury to find him guilty of brandishing a firearm during a crime of violence under § 924(c) based on *attempted* Hobbs Act robbery, which the Supreme Court held in *Taylor* was not a crime of violence.[4] *See* 596 U.S. at 860.

The government argued in response that (1) Mr. Bailey procedurally defaulted this claim by failing to raise it on direct appeal and (2) any error in the jury instructions was harmless. The district court concluded Mr. Bailey did not procedurally default on this claim, but agreed that any instructional error was harmless and therefore denied Mr. Bailey's § 2255 motion. It also denied a COA.

---

[4] Mr. Bailey also argued in his amended § 2255 motion that Hobbs Act robbery is a divisible crime with three distinct offenses: (1) completed Hobbs Act robbery, (2) attempted Hobbs Act robbery, and (3) conspiracy to commit Hobbs Act robbery. R. vol. I at 515 (citing *United States v. Washington*, 653 F.3d 1251, 1263 n.12 (10th Cir. 2011)). Therefore, he argued, it "is subject to the modified categorical approach to determine the basis of a conviction," and only certain documents—the charging documents, jury instructions, and jury verdict form—may be considered. *Id.* According to Mr. Bailey, this meant the district court could not examine the facts underlying his conviction or the evidence presented at trial in analyzing his § 2255 motion. The government never addressed this argument, and the district court did consider the factual evidence presented at trial in conducting its harmless error analysis. However, we find this argument inapplicable. The question before the district court was not whether attempted Hobbs Act robbery was a crime of violence—that question has already been answered by the Supreme Court—but instead whether the trial court's instructional error constituted harmless error. And, as explained in this Order, a court analyzing harmless error applies a different test which permits consideration of the facts underlying a defendant's conviction and sentence.

"A conviction based on a general verdict is subject to challenge if the jury was instructed on alternative theories of guilt and may have relied on an invalid one." *Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008) (per curium). Such errors are subject to harmless error analysis, requiring a court to determine "whether the flaw in the instructions 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* at 58 (internal quotation marks omitted). "An instructional error may be harmless where the element on which the jury was not properly instructed was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error." *United States v. Holly*, 488 F.3d 1298, 1307 (10th Cir. 2007) (internal quotation marks omitted).

The district court thoroughly reviewed the trial evidence presented on each element of Hobbs Act robbery for each of the three robberies underlying Mr. Bailey's convictions. The district court listed "extensive testimony or evidence" supporting each element of completed Hobbs Act robbery on each of these three occasions, including: (1) Mr. Bailey obtained money from Walgreen's without consent, or aided and abetted another in doing so; (2) he did so by wrongful use of threatened force, violence, or fear; and (3) his actions potentially affected interstate commerce. R., vol. I at 557 (citing 18 U.S.C. § 1951(a)). Based on this evidence, which included Mr. Bailey's detailed confession, testimony from multiple witnesses (including testimony about the firearm Mr. Bailey was using), and physical evidence linking Mr. Bailey to the robberies, the district court concluded there was "no doubt that a rational jury could have found, beyond a reasonable doubt, that Mr. Bailey completed the [three] Hobbs Act Robberies as

8

charged in the Indictment." *Id*. And because completed Hobbs Act robbery is a crime of violence and thus a valid predicate offense under § 924(c), *see United States v. Baker*, 49 F.4th 1348, 1359 (10th Cir. 2022), the district court concluded the instructional error had no "substantial and injurious effect or influence in determining the jury's verdict" and was harmless, *Hedgpeth*, 555 U.S. at 58.

Mr. Bailey has not shown that a reasonable jurist could find the district court's assessment that any error in the jury instructions was harmless to be debatable or wrong. *See Slack*, 529 U.S. at 484.

### C. Illegal Sentence

In his third issue in his initial, pro se § 2255 motion, Mr. Bailey stated only, "Illegal Sentence." R. vol. I at 410. The district court rejected this argument because Mr. Bailey provided no substance or support for it. Because he still has not done so, no reasonable jurist could debate the correctness of the district court's ruling.

### III.   CONCLUSION

We deny a COA and dismiss this matter. We grant Mr. Bowlin's motion to withdraw.

Entered for the Court

Bobby R. Baldock
Circuit Judge

9